HANS J. LILJEBERG, Judge.
| ^Retained counsel for defendant-appellant filed a motion to withdraw pursuant to Anders v. California, infra, relative to defendant’s convictions and sentences for La. R.S. 14:95.1, La. R.S. 14:95(E), and La. R.S. 40:1792. For the following reasons, we dismiss the appeal.

Discussion

Defendant-Appellant, Otis J. Landry, pleaded guilty as charged under State v. Crosby, 338 So.2d 584 (La.1976) to count one, felon in possession of a firearm in violation of La. R.S. 14:95.1; count two, possession of a firearm while in possession of a controlled dangerous substance, to wit: marijuana in violation of La. R.S. 14:95(E); and count three, possession of an unidentifiable firearm in violation of La. R.S. 40:1792. Prior to pleading guilty, defendant filed two separate motions to quash the bill of information alleging La. R.S. 14:95.1 and La. R.S. 14:95(E) were unconstitutional, which the trial court denied.
Thereafter, the trial court sentenced defendant-appellant to ten years imprisonment at hard labor on counts one and two, and five years imprisonment at hard labor on count three, all to be served without benefit of probation, parole, or suspension of sentence and to run concurrently with one another.
| .^Defendant-Appellant, through retained counsel, Charles M. Stevenson, moved for and was granted an appeal in the above- *838 entitled matter on February 11, 2014. Retained counsel filed an appeal brief in this Court and the matter was docketed.
In his brief, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990), retained counsel requested this Court to independently review the record for errors patent and specifically requested that this Court “review the following potential assignments of error: (1) whether the trial court erred by improperly denying appellant’s Motion to Quash R.S. 14:95.1; and (2) whether the trial court erred by improperly denying appellant’s Motion to Quash R.S. 14:95.E.” Retained counsel further requested that he be granted permission to withdraw as counsel of record for defendant-appellant on the basis that the appeal is frivolous.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it. (Emphasis added.) The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988). (Emphasis added.) Moreover, in State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), the Louisiana Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate | ¿counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” (Emphasis added.)
The purpose of the Anders procedure is to “assure penniless defendants the same rights and opportunities on appeal — as nearly as is practicable — as are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel.” Anders, supra at 745, 87 S.Ct. 1396. “Although a defense attorney has a duty to advance all colorable claims and defenses, the canons of professional ethics impose limits on permissible advocacy. It is the obligation of any lawyer — whether privately retained or publicly appointed — not to clog the courts with frivolous motions or appeals.” McCoy, supra at 438, 108 S.Ct. 1895, citing Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). “When retained counsel concludes that an appeal would be frivolous, he or she has a duty to advise the client that it would be a waste of money to prosecute the appeal and that it would be unethical for the lawyer to go forward with it.” Id. at 437, 108 S.Ct. 1895.
A plain reading of Anders, supra, and its progeny leads this Court to infer that its procedures apply to appointed counsel, not privately retained counsel. This Court further found that retained counsel’s brief was not in compliance with Anders, supra, and its progeny in that it did not demonstrate by full discussion and analysis whether the issues raised by counsel as potential assignments of error are indeed frivolous.
*839 Accordingly, the matter was removed from the docket and this Court ordered retained counsel to supplement his brief with a full discussion of whether Anders, supra, applied to him as retained counsel, and if so, to further brief the | tissues set forth by him with full discussion and analysis as to the frivolity of the appeal. Alternatively, counsel was given the option to dismiss the appeal.
Subsequently, counsel filed a motion to dismiss the appeal in this Court. Considering the foregoing, we grant defendant’s motion to dismiss the appeal and hereby order that the appeal be dismissed. See Uniform Rules — Courts of Appeal, Rule 2-8.1.

APPEAL DISMISSED.